**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| TOSUN MAHMUD FITIL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, OMAHA POLICE CHIEF TODD SCHMADERER, and OMAHA POLICE OFFICER JUSTYN RILEY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 8:22-cv-364**<br><br>**ANSWER OF CITY OF OMAHA, TODD SCHMADERER, and JUSTYN RILEY TO FIRST AMENDED COMPLAINT** |

COMES NOW Defendants CITY OF OMAHA, TODD SCHMADERER, and JUSTYN RILEY, and for their ANSWER to Plaintiff's FIRST AMENDED COMPLAINT [Doc. #31] state and allege the following:

1. Defendants generally deny paragraphs 1-4, 12, 13, 15-27, 31--81 of the First Amended Complaint.

2. Defendants specifically deny:

a. any reference to a "peaceful" protest. Video from the scene indicates that protestors, including the Plaintiff, were throwing rocks, bottles and other items at law enforcement. Plaintiff is specifically on video throwing rocks at Omaha police officers immediately before flash bangs were deployed in his direction.

b. that officers directed the flash bang at Plaintiff's head and video shows the flash bang hit the curb and detonated NEAR Plaintiff's head. It at no time did the flash bang actually make contact with Plaintiff's head.

c. that any Omaha Police officer used bean bags, rubber bullets, or eXact iMpact Sponge Rounds.

d. that protesters were "restricted" in any way from disbursing. The videos of the scene show a fairly empty lot of the PetCo company in front of which Plaintiff (and others) were protesting. The videos also show Plaintiff running through the lot after deployment of the flash bang. There were no law enforcement vehicles in the PetCo lot during the incident in question.

e. Plaintiff's allegation that he was peacefully requesting the officers to not disrupt "the young protesters" is categorically false. The videos show that the young protesters had already disbursed and Plaintiff was alone and throwing rocks at the police officers when the flash bangs were deployed.

f. that Plaintiff "collapsed and lost consciousness." That allegation is a complete fabrication. Several videos (including one that aired on a news station) shows Plaintiff running through the PetCo parking lot after the flash bang deployment. At no time does he collapse or lose consciousness. There is absolutely no evidence to show Plaintiffs "shirt was on fire." No paramedics were called or dispatched to the scene which one would suspect for such a serious allegation of injury.

g. that the officers engaged in any "kettling" of the Plaintiff or restricted his movement in the manner described by the Plaintiff.

h. that Plaintiff was chilled or otherwise deterred from expressing his First Amendment rights by this interaction with police on May 29 or 30, 2020 because on or about July 25 or 26, 2020, Plaintiff was arrested during a protest regarding the same or similar issues.

3. Defendants admit paragraph 5-8, 10, 11, 14, and 49 of the First Amended Complaint.

4. Defendants admit that portion of paragraph 6 of Plaintiff's First Amended

Complaint which states that the "City of Omaha is a municipality incorporated in the State of Nebraska which was and is responsible for the acts and omissions of its law enforcement officers." Defendants deny the remainder of that paragraph.

5. Defendants specifically deny the allegations in paragraphs 15 -19 of Plaintiff's First Amended Complaint as misstatements of fact and further that such hyperbole is immaterial and improper to the issues with regard to Plaintiff and his alleged injuries on May 29-30, 2020. Defendants specifically deny that Mr. Bear Heels was "killed" by the police and the public records of this State clearly show that he died of excited delirium.

6. Defendants are without sufficient information to admit or deny the allegations in paragraphs 28-30 of Plaintiff's First Amended Complaint, so the same are DENIED.

For further Answer, the Defendant states the following AFFIRMATIVE DEFENSES:

7. Plaintiff has failed to state a cause of action upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6).

8. Defendants affirmatively state that the allegations that Plaintiff was injured in the ways described herein are generally false statement as will be proven by objective video evidence.

9. At all times relevant to Plaintiff's complaint, Omaha Police officers were sworn officers of the State of Nebraska acting in good faith, without malice and their actions were performed with the reasonable belief that they were authorized and in accord with existing law and authority, and therefore, any named Defendant officers or any that may be discovered and named at some time in the future, are entitled to qualified immunity.

10. Any and all officers on the scene of the protests on May 29 or 30, 2002 were duty bound, and required by law to maintain the peace. The officers on the scene were entitled to take reasonable measures to defend themselves and the public in the course of their duties. All actions

of Omaha police officers were for officer and public safety. To the extent they were protecting themselves from assault by rocks, bottles and other items being thrown at them, officers are entitled to the defense of self-defense.

11. To the extent that any of Plaintiff's claims arise out of the theory of negligence, he has failed to adequately comply with the Nebraska Political Subdivisions Tort Claims Act, NEB. REV. STAT. § 13-901, et seq. ("PSTCA"), a condition precedent to this initiate this action for any state law claims.

12. The Defendants are immune from civil liability to any state/common law claims under the doctrine of sovereign/governmental immunity. The waiver to said immunity contained in the PSTCA does not apply to the acts or omissions alleged in the Plaintiff's First Amended Complaint, and the Plaintiff's claims are thus barred pursuant to NEB. REV. STAT. §§ 13-910(1), 13-910(2), 13-910(3), and 13-910(7).

13. The direct proximate cause of any injury suffered by the Plaintiff, if any, was a result of the Plaintiff's own intentional or negligent actions, and/or contributory negligence if applicable, over which the Defendants had no control or authority, including, but not limited to, the Plaintiff's assault on police officers, failure to disburse, and other illegal activity.

14. If the Plaintiff had any injuries or damages as alleged in his First Amended Complaint, all of which the Defendants specifically deny, said alleged injuries or alleged damages are the result of a disease, medical condition, or other inherent condition within the Plaintiff, are the natural progression of preexisting conditions, or are the result of an independent intervening act or acts.

15. If the Plaintiff had any injuries or damages as alleged in his Complaint, all of which the Defendants specifically deny, then said alleged injuries and alleged damages were directly

caused or contributed to by the act or actions of third parties not under the direction, control, or supervision of the Defendants, and, accordingly, because of the actions of these known or unknown parties, the Defendants are alleviated of any liability for the allegations set forth in the Plaintiff 's First Amended Complaint.

16. Plaintiff has failed to plead or show any conduct on the part of the Defendants that was motivated by evil motive or intent, or any conduct that involves reckless or callous indifference to federally protective rights, and, as such, punitive damages are not allowed, if they are available in a case of this type.

17. The Defendant City of Omaha is immune from any punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271, 101 S.Ct. 2748 (1981); *Fields v. City of Omaha*, 810 F.2d 830, 835 (8th Cir. 1987).

18. Plaintiff failed to specifically plead any policies, practices, or customs giving rise to a *Monell*-style claim against the Defendant City of Omaha, and thus, said claim is not allowed.

19. Plaintiff failed to plead any medically diagnosable emotional anguish or mental harm, or that any medical treatment was even sought, and thus any claim for intentional infliction of emotional distress or other mental health damages is not allowed.

20. Plaintiff failed to mitigate damages, if any.

21. By and large, Plaintiff's allegations are totally frivolous and lack ANY evidentiary support and are specifically contradicted by publicly available information that counsel should have consulted in his due diligence before filing this lawsuit. Plaintiff has fabricated the events in an effort to harass Defendants and otherwise misuse the judicial process. Consequently, Plaintiff should be sanctioned by this Court pursuant to Fed. R. Civ. P. 11.

WHEREFORE, having fully answered, Defendants pray that Plaintiff's First Amended Complaint be dismissed; and that Defendants be awarded costs and attorney fees incurred in the defense of this matter; and awarded sanctions under Rule 11 and for such other and further relief as the Court deems just.

**DEFENDANTS DEMAND A JURY TRIAL IN OMAHA, NEBRASKA.**

DATED this 22nd day of November, 2023.

CITY OF OMAHA, et al., Defendants

By: s/ Michelle Peters
MICHELLE PETERS, No. 20021
Deputy City Attorney
Attorney for the Defendants
804 Omaha/Douglas Civic Center
1819 Farnam Street
Omaha, NE 68183
(402) 444-5115
Michelle.Peters@cityofomaha.org

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2023, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notice to all parties of record.

/s/Michelle Peters